UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Fred A. Colvin, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION, LOCAL NO. 5, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:09-CV-256 ) |
| BRIAN NANNENGA d/b/a TRI MASONRY, INC. and JEFF SYTSMA d/b/a TRI MASONRY, INC., | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before me on Defendants Brian Nannenga, d/b/a Tri Masonry, Inc. ("Nannenga") and Jeff Sytsma, d/b/a Tri Masonry, Inc. ("Sytsma")'s Motion to Vacate Clerk's Entry of Default. (DE 11.) For the following reasons, the motion is granted.

Plaintiff filed their complaint against Nannenga and Sytsma on August 24, 2009. The complaint seeks to recover union dues and pension trust fund benefits for the period between January 1, 2004 and December 31, 2007. Both Defendants received service on September 1, 2009, but never answered the complaint or appeared. (DE 5; DE 6.) Then, on March 15, 2010, six months later, Plaintiffs filed a Motion for the Clerk's Entry of Default against Nannenga and Sytsma, and the clerk entered default against them. (DE 7; DE 8.) On May 17, 2010, an appearance was filed on behalf of Nannenga and Sytsma, and the motion to vacate followed four days later.

In their motion, they explain that their company Tri Masonry had been audited in 2008 and 2009 to determine its liability for contributions to the union and union pension fund. When

they received the complaint for this lawsuit, they didn't read it closely and thought it was related to the audit. (DE 11, at 3.) Nannenga alleges that he called Plaintiff Fred Colvin to discuss the dispute, and he believed he resolved the dispute after their conversation. (Nannenga Aff. ¶ 9.) He alleges that he called Colvin again to discuss the audit after the Motion for Clerk's Entry of Default was filed, and believed the dispute was resolved. (Nannenga Aff. ¶ 10.)

Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c) which provides that "[f]or good cause shown the court may set aside an entry of default . . . ." This standard is essentially the same as the standard for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted as relief under Rule 60(b) may be "much more limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *see also Davis v. Hutchins*, 321 F.3d 641, 646 n.1 (7th Cir. 2003); *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir. 1994) (providing that "the test is more liberally applied in the Rule 55(c) context").

In the Seventh Circuit, the moving party must show (1) good cause to set aside the default, (2) quick action to correct the default, and (3) the existence of a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The defaulting party must show that there is a reasonable explanation for the default that does not evidence willfulness. *Passarella v. Hilton Int'l Co.,* 810 F.2d 674, 678 (7th Cir.1987). The defaulting party, therefore, must demonstrate that the default resulted from "mistake, inadvertence, surprise, or excusable neglect ...." *Id.* at 676.

Defendants have met the good cause standard here. Nannenga alleges that he believed he resolved the issues alleged in the complaint in his telephone conversations. And that when he

2

realized that the issues hadn't been resolved, and that the case was still pending, he retained an attorney quickly. His attorney filed this motion as soon as he could gather the necessary facts. Thus, Defendants have shown good cause and quick action. It's true that they let two months pass, but the conversations that Nannenga had with Colvin indicate a lack of willfulness in the delay. Defendants also allege a meritorious defense to the allegations in the complaint. They contend that they were not signatories to any agreement and thus shouldn't be sued as individuals. (Nannenga Aff. ¶ 12.) And Plaintiffs don't oppose this.

Given that Plaintiffs haven't opposed the motion, and the fact that relief under Rule 55(c) is liberally granted, Defendants showing is sufficient to set aside the entry of default. Defendants Nannenga and Sytsma's Motion to Vacate the Clerk's Entry of Default (DE 11) is **GRANTED**.

**SO ORDERED.**

**ENTERED:** July 26, 2010

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT